UNITED STATES DISTRICT COURT
NORTHERN DIVISION OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEMETRIUS WEBB; ) | |
| ) | |
| Plaintiff; ) | Case No.: 2:22-cv-01098-RDP |
| ) | |
| v. ) | |
| ) | |
| CITY OF HOMEWOOD, ALABAMA, ) | |
| CHIEF NICHOLAS HILL, In His ) | |
| Individual Capacity; ) | |
| ) | |
| Defendant. ) | |

**DEFENDANTS CITY OF HOMEWOOD AND CHIEF NICHOLAS HILL'S
REPLY BREF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Michael G. Kendrick
Wayne Morse
WALDREP STEWART &
KENDRICK LLP
2850 19th Street South
Suite 370
Homewood, Alabama 35209
Telephone:   (205) 254-3216
Facsimile:   (205) 547-9741

Attorneys for the City of Homewood and
Chief Nicholas Hill

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................1

II. RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL UNDISPUTED FACTS ..........................................................................................................................1

III. POINTS AND AUTHORITIES. ................................................................................2

    A. The "failure to promote" claim fails. ...................................................................2

    B. The retaliation claim against Hill fails. ................................................................7

IV. CONCLUSION ..........................................................................................................10

## I. INTRODUCTION

There is no substantial evidence to show that Webb, a Homewood firefighter, was denied a promotion based on race or was retaliated against for filing an EEOC Charge. Based on a physician's opinion that Webb's health was at risk if he took the Annual Job Task physical performance test, Hill placed Webb on administrative duties until his health was further evaluated.

Separately, Webb was not a paramedic, a qualification Homewood sought in senior leadership. These determinative facts are undisputed, indisputable, and cannot be overcome with unreasonable inferences, suspicions, and speculation, none of which precludes summary judgment. *Marshall v. City of Cape Coral, Fla.*, 797 F.2d 1555, 1559 (11th Cir. 1986).

## II. RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL UNDISPUTED FACTS

26. Hill never states that the test was not meant to test endurance. Hill merely gave examples of job tasks that will be tested. (EFC Doc. 32-2, Hill Depo. p. 69.)

53. Although prior to the job task, Hill testified that Webb was treated the same way another firefighter was treated. After issues arose with diabetes, Hill testified the other firefighter was placed on limited duty until he saw physicians for clearance. (EFC Doc. 32-2, Hill Depo. p. 136.)

54. For sake of completeness, Hill testified that no other firefighter had a physician say the firefighter was in danger if he took the Annual Job Task. (EFC Doc. 32-2, Hill Depo., p. 128.)

55. Hill told Webb that he could take the Annual Job Task if cleared by his physician. (EFC Doc. 32-14, Transcript of Captain Webb, Hill, Swindle Recorded Meeting, pp. 7-8.)

56. No evidence exists that Hill said his rank as Captain was at risk.

57. Webb specifically stated that he did not think he could complete the Annual Job Task. (ECF Doc. 32-14, Transcript of Webb, Hill, Swindle Recorded Meeting, pp. 25-26); (ECF 32-15, Webb, Hill, Swindle Recorded Meeting); (ECF Doc. 32-2, Hill Depo. pp. 136, 144.) In addition,

Webb mentioned to someone at Dr. Thuss's office that he was "close to retirement." (EFC Doc 32-8, Transcript of Recording of Thuss and Webb, pp. 36); (EFC Doc 32-9, Recording of Thuss and Webb).

58. Dr. Thuss testified that his main concern was Webb being in danger while using a breathing apparatus. (EFC Doc. 32-13, Dr. Thuss Depo. p. 70.)

60. Homewood and Hill object to anything relating to Franklin's EEOC Charge because it was not disclosed and should be disregarded (Fed. R. Evid. 26(1)(A)(ii) and 37(c)(1)), is inadmissible hearsay, is inadmissible as "me too" evidence, and is an inadmissible opinion. Fed. R. Evid. 404(b) and 701.

61. Homewood and Hill object to anything relating to Franklin's EEOC Charge because it was not disclosed and should be disregarded (Fed. R. Evid. 26(1)(A)(ii) and 37(c)(1)), is inadmissible hearsay, is inadmissible as "me too" evidence, and is an inadmissible opinion. Fed. R. Evid. 404(b) and 701.

62. Homewood and Hill object to anything relating to Franklin's EEOC Charge because it was not disclosed and should be disregarded (Fed. R. Evid. 26(1)(A)(ii) and 37(c)(1)), is inadmissible hearsay, is inadmissible as "me too" evidence, and is an inadmissible opinion. Fed. R. Evid. 404(b) and 701.

63. Homewood and Hill object to anything relating to Franklin's EEOC Charge because it was not disclosed and should be disregarded (Fed. R. Evid. 26(1)(A)(ii) and 37(c)(1)), is inadmissible hearsay, is inadmissible as "me too" evidence, and is an inadmissible opinion. Fed. R. Evid. 404(b) and 701.

**III.   POINTS AND AUTHORITIES.**

    A.   The "failure to promote" claim fails.

Webb does not attempt to refute certain arguments in his opposition to summary judgment. These arguments are waived. *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 267 F.3d 1303, 1308 n.1 (11th Cir. 2001) ("Underwriters failed to raise this argument in response to Transamerica's motion for summary judgment. Therefore, the Underwriters have waived any argument that Transamerica's purported failure to disclose material information requires voidance of the policy.")

First, Webb concedes there is no direct evidence the failure-to-promote was discriminatory. Second, he concedes any discrimination was not the "but-for" cause of the failure-to-promote. Third, he concedes the promotion decisions made by Hill were reasonable employment decisions. Despite these recognitions, Webb argues his claim can proceed under the alternate "mixed motive" theory. But as explained in Homewood and Hill's initial brief Webb's claim fails under that theory, too.

Under the "mixed motive" analysis, Webb must show "1) the defendant took an adverse employment action against the plaintiff; and (2) [a protected characteristic] was a motivating factor for the defendant's adverse employment action." *Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1232-1233 (11th Cir. 2016). Even a cursory review shows the evidence—all of which is circumstantial—does not create a triable issue of fact as to any discrimination.

First, Webb cites statistics comparing the racial makeup of the Homewood Fire Department and the number of its black employees. But a plaintiff cannot show disparate treatment by merely citing statistics. *See Burke-Fowler v. Orange County*, 447 F.3d 1319, 1325 (11th Cir. 2006). Without any analytical foundation, statistical evidence is "virtually meaningless" and cannot be probative. *See Wilson B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004).

3

Hill provided context for the statistics. When it must hire, the Fire Department is sent a list of qualified applicants from the Personnel Board of Jefferson County with no indication of the person's race. (ECF Doc 32-2, Hill Depo., p. 223.) Webb has no evidence of an improper hiring disparity with regard to applicants or persons interviewed. It is not discriminatory to not hire people that do not apply. Inferring such disparity is speculation.

Webb argues that he thinks despite the fact that the applicant list does not state the race of the applicant, some of the names were "black ethnic names." (Doc. 39, p. 16 n.4.) "Attempting to divine a person's ethnicity from their name is necessarily an exercise requiring significant speculation, particularly in a society where individuals are free to adopt pseudonyms or legally change their names with little difficulty." *Int'l House of Pancakes, Inc. v. Albarghouthi*, 2007 U.S. Dist. LEXIS 65934 n. 18 (D. Co. 2007); *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983) ("[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation.")

Second, curiously, Webb points to an alleged "qualifications gap" between him and applicants who were hired. Webb argued in his brief that he was not assuming the burden of showing that the decision to promote others was unreasonable. (Doc. 39, pp. 14-15.) Regardless, the alleged "gaps" are not evidence of discrimination. As the Eleventh Circuit has held: "We are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999).

"A plaintiff's belief that he was qualified for a promotion, without more, is insufficient to establish pretext." *Rodriguez v. Sec'y*, 608 Fed. Appx. 717, 720 (11th Cir. 2015), citing *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1163-64 (11th Cir. 2006). In *Rodriguez*, the

Eleventh Circuit affirmed summary for the defendant on a failure-to-promote claim stating: "The employer may rely on subjective evaluations as long as the employer provides 'a clear and reasonably specific factual basis for those evaluations." *Rodriguez*, 608 Fed. Appx. at 720 (citation omitted). The Court concluded that the plaintiff had "produced no evidence demonstrating that his supervisors provided false explanations for their evaluations, or that their evaluations were motivated by age, race, or national origin." *Rodriguez,* 608 Fed. Appx. at 720.

Webb complains about Hill's statements that Broadhead's leadership ability helped him gain the promotion, arguing that such a comment is not a sufficient explanation. But courts have accepted similar explanations. In *Irving v. Enter. Rent-A-Car*, 2008 U.S. Dist. LEXIS 143791, *31 (N.D. Ga. June 13, 2008), summary judgement was granted where an explanation given for a promotion was "because of his high energy and his work ethic and performance." With no evidence of discrimination, the claim failed.

Hill explained his decisions. There is no evidence, circumstantial or otherwise, to suggest the decision was based in any part on race. Summary judgment therefore is appropriate.

Webb also complains that he was never told that being a paramedic was a requirement and that, therefore, being denied the promotion was discriminatory. Webb's statement is not correct. Webb studied to be a paramedic but dropped out. (ECF DOC 32-1, pp. 76-78.) Hill explained there has **never** been a Battalion Chief that was not a paramedic because of the prevalence of the Fire Department's medical calls. (EFC Doc 32-2, Hill Depo., p. 206.) It is implausible for Webb to say he worked in the Homewood Fire Department for 36 years and studied to be a paramedic, but he did not know the importance of being a paramedic.

Needing paramedics has nothing to do with race and has everything to do with saving lives. Webb was not the best person for the job. Besides, Webb being told that he should be a

paramedic is not a material fact precluding summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.")

Furthermore, "an employer does not take an adverse employment action by refusing to divulge the reasons for its employment decisions. 'An employer need never justify the wisdom of [its] business decisions to a disgruntled employee.'" *Tarrance v. Montgomery County Bd. of Educ.*, 157 F. Supp. 2d 1261, 1266 (M.D. Ala. 2001); *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) ("an employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not a discriminatory reason."); *Silvera v. Orange County Sch. Bd.,* 244 F.3d 1253, 1261 (11th Cir. 2001) ("an employer who treats two employees differently because of a mistaken belief in the existence of a neutral reason does not violate Title VII.")

The reported decisions relied upon by Webb do not help his case. He cites cases to show the low threshold he must meet for a mixed motive, but even those cases have more evidence than he does. In *Gipson v. Hyundai Power Transformers USA Inc.*, 2019 U.S. Dist. LEXIS 69990, 2019 WL 2953174 (M.D. Ala. April 4, 2019), the court denied summary judgment on the failure-to-promote claim. Webb argues that the court relied on past pay disparity, but it actually relied on other evidence to deny summary judgment on the failure-to-promote claim. The evidence showed that the plaintiff was able to cast doubt on the proffered reasons for the challenged promotion decision, that the person promoted had been the subject of numerous complaints by other employees, and that the plaintiff had scored higher on all evaluations for the candidates. 2019 U.S. Dist. LEXIS 69990 at *40-41. None of that is present here. The convincing mosaic of discrimination is not present here.

In *Brown v. Wrigley Mfg. Co., LLC*, 2023 U.S. App. LEXIS 5408 (11th Cir. Mar. 7, 2023), there was evidence not present here. Brown was asked to train the person that was given the promotion over him. *Brown*, 2023 U.S. App. LEXIS 5408 at *19. He also was told that he needed another degree while those without a degree were promoted. *Id.* at *20. Webb was not asked to train those that were promoted, and he did not have one of the distinguishing certifications: paramedic. Under any standard, no evidence exists that the decision not to promote Webb was based on race.

B.  The retaliation claim against Hill fails.

In his response, Webb concedes that the examination by Dr. Thuss was nothing more than a routine exam and not retaliatory. As such, he abandons his claim based on that exam. (*See* Doc. 39, p. 19, n. 5.) The only remaining claim is that Webb was retaliated against when Hill stopped Webb from responding to calls until his health issues were further examined.

As he did with the failure-to-promote claim. Webb does not even pretend he can satisfy the *McDonnell-Douglass* burden shifting framework. Instead, Webb asks the Court to examine whether a reasonable factfinder could find retaliation. Webb cannot meet even that standard.

Regardless of the standard used, Webb acknowledges that he must show that the retaliation was the "but-for" cause of the retaliation. However, he misinterprets the meaning of "but-for" causation arguing if there are multiple "but-for" causes then he has met his burden. This argument conflates a mixed-motive theory with "but-for" causation.

"[I]t is well-established that the mixed-motive framework does not apply to Title VII retaliation claims…Rather, to succeed on [his] retaliation claim, [plaintiff] must show that [his] "protected activity was a but-for cause of the alleged adverse action." *Yelling v. St. Vincent's Health Sys.*, 82 F.4th 1329, 1338 (11th Cir. 2023).

Under a mixed-motive theory, "a plaintiff need only show that a protected consideration contributed in some way to the outcome—even if it ultimately changed nothing." *Yelling,* 82 F.4th at 1339. This standard is different than the "but-for" analysis.

According to the Eleventh Circuit, under the proper application of the "but-for" test:

> If there are multiple but-for causes, the removal of any one would change the outcome. Each would be a 'necessary condition for the outcome,' Restatement (Third) of Torts: Phys. & Emot. Harm § 26 cmt. b (Am. L. Inst. 2010), regardless of whether there was another such 'necessary condition.' Each could be viewed as 'the straw that broke the camel's back.

*Yelling,* 82 F.4th at 1339 (citations omitted).

It is imperative to clarify what is at issue. Webb repeatedly says that the retaliation was that he was removed from "active duty," which is indisputably untrue. No evidence supports the statement Webb was removed from active duty. Webb would have continued to be an active member of the Fire Department, but in a different capacity, until his health issues were further evaluated. He only became "inactive" when he resigned.

Webb must show, therefore, that retaliation by itself, without regard to any other causes that may exist, was the reason he was told he could not go on calls until his health issues were further reviewed. He cannot rely on the claim that it was one of many causes. No substantial evidence exists that the decision to change Webb's assignment was retaliatory, or that the desire to retaliate was the "but for" cause of the decision.

Webb argues that the fact that Chief Hill sent a memo to the department about the upcoming, already scheduled Annual Job Task on the same day that Chief Hill learned about the EEOC Charge is evidence of retaliatory intent. While Webb is correct that temporal proximity can in some cases provide evidence of retaliation, that is not so in this case. Such a correlation would have to be the result of many unsupported inferences.

8

Although inferences are to be drawn in favor of the plaintiff, "[t]he Court is not required, or even permitted, to deny a summary judgment motion based on unreasonable inferences that amount to nothing more than speculation or conjecture." *Miles v. Jones*, 2010 U.S. Dist. LEXIS 139617, *21-22 (S.D. Fla. Nov. 22 2010), citing *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). "Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba*, 419 F.3d at 1181. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels*, 692 F.2d at 1324.

Here, finding any evidence of retaliatory intent and "but-for" causation would require several unsupported inferences and speculation.

Webb argues that Hill retaliated against him by stating on April 6, 2021 that those who failed the Annual Job Task would be placed on administrative duties for a period of 90 days until they were re-tested. Webb fails to explain how Hill knew this would "retaliate" against Webb by achieving the supposed goal of removing him from a fire truck.

To accept Webb's theory, the jury would have to infer and to speculate that Hill knew that Dr. Thuss would find questions about Webb's health and that Dr. Thuss would recommend that Webb not be allowed to take the Annual Job Task until further testing. The jury would likewise have to infer and speculate that Hill knew that Webb would refuse to take the additional medical testing and therefore not even try to take the test. The jury would have to speculate that Hill could accurately predict the future and know what both Dr. Thuss and Webb would do. These inferences are unreasonable and speculative.

The alleged retaliation, as described in Webb's opposition, did not occur. His claim is based on the allegation that Hill retaliated against him by, on April 6, 2021, sending out the memo that

9

those failing the Annual Job Task would be placed on temporary reassignment. But Webb ***was not reassigned under that policy.*** He chose not to submit to further necessary testing and was not reassigned for failing the test. He was reassigned until he received clearance to take the test. He never failed the test and was not reassigned because he failed the Annual Job Task.

The fact that none of the "obese" firefighters was prevented from taking the Annual Job Task is not evidence that Hill retaliated against Webb. As Hill testified, none of the other firefighters had a letter from a physician saying it was unsafe to take the test. (ECF Doc 32-2, Hill Depo. pp. 131-133.) There is no substantial evidence of retaliation or "but-for" causation.

Finally, the EEOC documents about Tony Franklin do not provide admissible summary judgment evidence. (Doc 37-2 and 37-3). Homewood and Hill have moved to strike these documents which had not been properly disclosed under Rule 26(a). (ECF Doc 40.) *See* Fed. R. Civ. P. 37(c)(1). But in addition, the Franklin documents are not relevant, contain inadmissible lay opinions and "me-too" evidence, and have no probative value. (ECF Doc. 40.)

Franklin's accusations of retaliation are inadmissible. In *Johnson v. Fairfield S. Co.*, 2018 U.S. Dist. LEXIS 152737 (N.D. Ala. Sept. 7, 2018), the plaintiff attempted to introduce affidavits from employees saying that certain actions were due to racism. The affidavits were stricken as violating Federal Rule of Evidence 701's lay opinion rule because: (a) the "objected-to opinion testimony . . . does exactly what Rule 701(b) attempts to prevent"; (b) "testimony relaying the subjective opinions . . . as to why certain decisions were made are inadmissible"; and (c) "[t]here are a multitude of reasons why the actions could have been taken and Olds and Smith may not testify as to the decision maker's ultimate motivations." The same reasoning applies here.

### IV.    CONCLUSION

Summary judgment should be granted for the City of Homewood and Chief Hill.

Dated: <u>July 5, 2024</u>.

                                              Respectfully submitted,

                                              */s/ Wayne Morse*  
                                              Wayne Morse  
                                              Michael G. Kendrick  
                                              Attorneys for Defendant

WALDREP STEWART & KENDRICK LLP  
2850 19th Street South  
Suite 370  
Homewood, Alabama 35209  
Telephone:(205) 254-3216  
Facsimile: (205) 324-3802  
Email: morse@wskllp.com  
Email: kendrick@wskllp.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record on <u>July 5, 2024</u> by electronic filing and notification to the following:

Artur Davis  
2024 3rd Ave. North, Suite 212  
Birmingham, AL 35203  
Direct: 205-881-0935  
adavis@hkm.com

                                              */s/ Wayne Morse*  
                                              Of Counsel